Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-298-ELG |
| | ) | (Chapter 11) |
| 2116 4TH STREET LLC | ) | |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION TO APPOINT
CHAPTER 11 TRUSTEE OR CONVERT CASE TO CHAPTER 7**

Comes now WCP Fund I LLC ("WCP"), by and through undersigned counsel, pursuant to Section 1112 of Title 11 of the United States Code, and moves to appoint a Chapter 11 trustee herein or convert this proceeding to one under Chapter 7 of Title 11 of the United States Code, and in support thereof states as follows:

**I.    Introduction**

As discovered of even date herewith, upon the filing of a monthly operating report for March 2024 (DE #56), 2116 4th Street LLC (the "Debtor") has transferred $62,600.00 from its pre-petition bank account to a bank account held by a parent company that is not a debtor in bankruptcy. The whole of the transferred funds are the cash collateral of WCP, the Debtor has never obtained leave of court to use the cash collateral of WCP, and the appointment of a Chapter 11 or Chapter 7 trustee is now thusly well warranted to ensure these funds are recovered and not again compromised.

1

## II.    Standard

The Bankruptcy Code provides that matters under Chapter 11 may be converted or dismissed, after notice and a hearing, for "cause." 11 U.S.C. § 1112(b)(1). The same statutory provision then goes on to non-exhaustively delineate what may constitute such cause, including, *inter alia*:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; … (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; … (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court...

11 U.S.C. § 1112(b)(4). "The list is illustrative, not exhaustive. Courts may find cause for other equitable reasons." *In re Whetten*, 473 B.R. 380, 382 (Bankr. D. Colo. 2012) (citing 11 U.S.C. § 1112(b)(4); *In re FRGR Managing Member LLC*, 419 B.R. 576, 582–83 (Bankr. S.D.N.Y. 2009)).

Once a creditor has filed a motion such as this, seeking conversion or dismissal and setting forth cause within the meaning of Section 1112(b)(4) of the Bankruptcy Code, the burden shifts to the Debtor to demonstrate the satisfaction of four criteria:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that-- (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)-- (i) for which there exists a reasonable justification for the act or omission; and (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2). Thus the Debtor must establish (i) unusual circumstances giving rise to the underlying cause; (ii) a reasonable likelihood of timely plan confirmation; (iii) reasonable justification for the cause giving rise to the underlying motion; and (iv) imminent cure of the

subject deficiency. Critically, these criteria are conjunctive, not disjunctive, so unless each and every criterion is satisfied, the Bankruptcy Code requires a case to be converted.

Upon establishing cause to convert a proceeding to Chapter 7, the Bankruptcy Code does permit, alternatively, that a Chapter 11 trustee may be appointed if such "is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

### III.   Argument

WCP is not concerned that the Debtor in this case never opened a DIP account, since the Debtor's account is held with an FDIC-insured bank and has always been well below the statutory cap of government protection. Nor is WCP concerned that the Debtor never sought leave to use cash collateral since, by all indicia, the Debtor – prior to March 2024 – only expended estate monies on the upkeep and maintenance of the Debtor's lone asset. But WCP most certainly is concerned that the Debtor swept $52,800.00 in cash to its parent (a non-debtor) on March 6, 2024, DE #56 at p. 6, and then swept another $9,800.00 in cash to the same parent on March 25, 2024, *Id.* It is absolutely impermissible – if not downright mortifying – for these monies to flow out of the Debtor's coffers during the pendency of a Chapter 11 case.

The Debtor's sole revenue source is rental income. *Id.* at p. 6. That rental income, in turn, is the cash collateral of WCP, pursuant to a recorded deed of trust. *See* Deed of Trust, attached hereto as Exhibit A, at § 11.10. At no point in this case has the Debtor moved for leave to use cash collateral, *see* Docket, *passim*, nor has WCP ever entered into an agreement with the Debtor concerning the post-petition use of cash collateral. Yet, somehow, $62,600.00 in cash collateral was debited from the Debtor's bank account over the span of 19 days in the month of March.

Worsening matters, the Debtor's explanation – that each of these transactions "was an automatic sweep implemented by the Debtor pre-petition," DE #56 at p. 6 – defies logic, reason,

and fiduciary sensibility. The Debtor has been in Chapter 11 for more than seven months, *see* Petition for Relief, DE #1, and there is no indicia of previous sweeps having been automatically generated. If the Debtor is suggesting that, at some point in time pre-petition, arrangements were made to automatically debit the entity's account for $52,800.00 on March 6, 2024 and another $9,800.00 on March 25, 2024, such borders on the absurd. How could the Debtor have known it would be unable to open a DIP account to hold post-petition rental receipts, resulting in the pre-petition account remaining open on those dates? How could the Debtor have known such funds would be available on these precise dates? What form of irrevocable instructions were possibly given to a national bank, so as to cement these transfers more than half a year in advance?

To be sure, the Debtor insists the funds were then transferred back "in April 2024." *Id.* at p. 7. But there is no evidence of the monies being repatriated and, in any event, such does not nearly excuse the Debtor commandeering WCP's cash collateral, for the benefit of a parent company, for some as-yet-undisclosed period of time measured in weeks (if not more than a month).

As intimated by the laundry list of Section 1112 sins enumerated above, other issues abound. There is no reasonable likelihood of rehabilitation in this case – exclusivity has elapsed and the only plan on file is a liquidating creditor plan.  And the transfer of funds, together with the failure to close a much-ballyhooed refinancing, assuredly constitute gross mismanagement of the estate.

WCP was – and is – hopeful it might confirm a creditor plan herein and be relieved of the tax burden attendant to a transfer of the Debtor's lone real estate asset. Such hope, however, is significantly outweighed by the utter petrification attendant to keeping the Debtor in control of its own bank accounts, when such accounts are apparently being programmatically swept for the

benefit of equity. And it is thusly now high time to either convert this case to Chapter 7 or appoint a Chapter 11 trustee to take helm of the Debtor's estate. Given a choice, WCP would support the latter; there is ample cash on hand (if the monies have truly been repatriated) to compensate a Chapter 11 trustee, and WCP would certainly welcome the opportunity to push ahead with its plan of reorganization and be spared transfer taxes.

## IV.    Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) order a Chapter 11 trustee be appointed herein; or, in the alternative, (ii) convert this proceeding to one under Chapter 7; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 29, 2024                    By: /s/ Maurice B. VerStandig
                                         Maurice B. VerStandig, Esq.
                                         Bar No. MD18071
                                         The VerStandig Law Firm, LLC
                                         1452 W. Horizon Ridge Pkwy, #665
                                         Henderson, Nevada 89012
                                         Phone: (301) 444-4600
                                         Facsimile: (301) 444-4600
                                         mac@mbvesq.com
                                         *Counsel for WCP Fund I LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2024, a copy of the foregoing was served via this Honorable Court's CM/ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.