Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-298-ELG |
| | ) | (Chapter 11) |
| 2116 4TH STREET LLC | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO SHORTEN TIME**

Comes now WCP Fund I LLC ("WCP"), by and through undersigned counsel, pursuant to Local Rule 9013-2, and moves this Honorable Court to shorten the response time for the Emergency Motion to Appoint Chapter 11 Trustee or Convert to Chapter 7 (the "Motion") filed by WCP of even date herewith, and in support thereof states as follows:

**I.      Introduction**

Over the course of 19 days in March, 2024, the 2116 4th Street LLC (the "Debtor") transferred $62,600.00 out of its bank account, to a parent company. These transfers were made without leave of court, without leave to use cash collateral, and without any notice whatsoever. The Debtor now maintains the transfers were arranged pre-petition – more than half a year before they occurred – pursuant to some ill-defined programmatic convention; such explanation defies credulity, however, and still very much misses that more than $62k of WCP's cash collateral went missing.

The Debtor claims to have now repatriated the monies, but evidence of such is elusive. Regardless, the transfer evidences a dangerous indifference to the rigors of the bankruptcy process in the throes of a case that has marched well past the exclusivity date. There is a very real concern more money will go missing if a trustee is not immediately appointed. And WCP is thusly now seeking the appointment of a Chapter 11 trustee or, alternatively, conversion to Chapter 7.

## II.     Standard

The Federal Rules of Bankruptcy Procedure expressly allow, *inter alia*, "…when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).

The new version of the Local Rules of this Honorable Court, in turn, provide a specific procedure for the shortening of time and for the noticing of an expedited hearing:

> If a movant requests that the time for filing objections should be shortened and/or that a more expedited hearing is needed, the movant shall contemporaneously file a separate motion (a "Motion to Shorten") requesting that the court shorten the time to object and/or requesting that the Court set an expedited hearing (an "Expedited Hearing Motion"). The Motion shall include statements explaining why the underlying substantive motion requires an expedited ruling by the Court and any time restrictions or other relevant information. A notice of the underlying substantive motion(s) shall not be filed until the Court rules on the Motion to Shorten or Expedited Hearing Motion.

Local Rule 9013-2(a).

## III.    Argument: Time Should be Shortened

The median income of a one person household in West Virginia is $52,239.00. In the span of 19 days, the Debtor took that sum of money – plus an additional $10k and change – and distributed the funds to equity. This is not an accounting error. This is not a misplaced deposit. This is not a petty cash mishap. This is enough money to charter a private jet, fly to Aspen, buy a

sports car with cash, take the sports car to the nicest restaurant in town, and then drive back to the District of Columbia.

Though there is scant case law on the burden, "the 'cause shown' standard is not a particularly high bar…" *Sovereign Int'l, Inc. v. Minturn*, 2020 WL 3124315, at *3 (W.D. Mo. 2020). The "cause shown" standard has prevailed since the Bankruptcy Act, when the rigor "was designed to 'prevent waste and deterioration (of the bankrupt estate) and to avoid unnecessary delay.'" *In re Park Distributors, Inc.*, 176 F. Supp. 38, 42 (S.D. Cal. 1959) (quoting H.R. Rep. No. 1409, 75th Cong., 1st sess., at 13 (1937)). *See also, In re Gen. Insecticide Co.*, 403 F.2d 629, 630 (2d Cir. 1968) (applying *Park Distributors*).

Here, the Debtor's estate risks erosion, posing a direct threat to the entire creditor body. The estate is being helmed by someone who helped himself (or, as it is, his non-bankruptcy entity) to a jaw-dropping sum of cash, utterly without regard to the rigors of bankruptcy or the lien rights of WCP. If unchecked, the risk of this occurring again – or some other whimsically-deleterious event coming to pass – is simply too great This is accordingly the precise harm spoken of by the *Park Distributors* Court and embraced by the modern contours of Rule 9006.

### IV.     Conclusion

WHEREFORE, WCP respectfully prays this Honorable Court (i) order any opposition or objection to the Motion be filed at or before 10:00 am prevailing Eastern Time on Wednesday, May 1, 2024; (ii) schedule a hearing on the Motion for 1:30 pm prevailing Eastern Time on Wednesday, May 1, 2024; (iii) direct WCP to serve the resulting order on all parties on the mailing matrix herein, within one day of said order being issued; and (iv) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 29, 2024 | By: /s/ Maurice B. VerStandig |
|  | Maurice B. VerStandig, Esq. |
|  | Bar No. MD18071 |
|  | The VerStandig Law Firm, LLC |
|  | 1452 W. Horizon Ridge Pkwy, #665 |
|  | Henderson, Nevada 89012 |
|  | Phone: (301) 444-4600 |
|  | Facsimile: (301) 444-4600 |
|  | mac@mbvesq.com |
|  | *Counsel for WCP Fund I LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of April, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig