Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-298-ELG |
| | ) | (Chapter 11) |
| 2116 4TH STREET LLC | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION (I) TO DEFER CONSIDERATION OF ADEQUACY OF AMENDED
DISCLOSURE STATEMENT TO CONFIRMATION HEARING;
AND (II) TO HOLD CONFIRMATION HEARING**

Comes now WCP Fund I LLC ("WCP," the "Secured Creditor," or the "Plan Proponent"), by and through undersigned counsel, pursuant to Section 105(d)(2)(B)(vi) of Title 11 of the United States Code and Federal Rule of Bankruptcy Procedure 2002(d), and moves this Honorable Court to (i) defer consideration of the amended disclosure statement (the "Disclosure Statement," as found at DE #65) to a hearing on confirmation of the plan associated therewith (the "Plan," as found at DE #65-1); and (ii) hold a confirmation hearing, on the Plan, and in support thereof states as follows:

I.   **Introduction**

The Debtor is the owner of an eponymous parcel of real estate in the District of Columbia (the "Property"). Aside from cash-on-hand, potential receivables correlative to unpaid rents, and the other legal rights attendant to unpaid rents, the Debtor neither claims nor appears to hold any

other assets. WCP is proposing to sell the Property and distribute the Debtor's cash, through the Plan.

With this being a case that has seen scant participation from parties aside from the Debtor, WCP, and the United States Trustee, notions of judicial economy appear to be well served by deferring consideration of the Disclosure Statement until a hearing on confirmation of the Plan. A prompt resolution is fitting for this matter and, consistent with the express allowances of Title 11 of the United States Code (the "Bankruptcy Code"), consolidating assessment of the Plan and Disclosure Statement—or, technically, considering the two items in immediate succession—will aid in the expedient resolution of this case.

For these reasons and as extrapolated upon *infra*, it is respectfully requested that consideration of the Disclosure Statement be undertaken at a confirmation hearing and that this Honorable Court schedule a hearing on approval and confirmation.

## II. Background

While the contours of this case are, by now, well known to all involved, a brief summary pertinent facts and events provides as follows:

1. The Debtor sought bankruptcy relief on October 17, 2023. DE #1.
2. Schedules were timely filed thereafter. DE #13.
3. The Plan and Disclosure Statement were docketed on April 16, 2024, DE #53, and amended of even date herewith, DE #65.
4. The claims bar dates for non-governmental creditors and governmental creditors has now elapsed. DE #5.

## III. Argument: Consideration of the Disclosure Statement Should be Deferred

This is a relatively simple case, with parameters wholly common in this Honorable Court: the Debtor owns a parcel of real estate and the rental proceeds thereof, having no apparent or

declared business outside the operation of the Property. This case appears to have been prompted by WCP's planned foreclosure of the Property and, after permitting the Debtor a generous period of time to endeavor to reorganize—including supporting a financing motion and entering into an agreement that would permit a refinancing—WCP elected to file the Plan when the exclusivity period elapsed. It is now appropriate to proceed with a confirmation hearing.

The Bankruptcy Code expressly contemplates that consideration of the adequacy of a disclosure statement may be deferred to a confirmation hearing:

> The court, on its own motion or on the request of a party in interest … may issue an order … prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that … provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

11 U.S.C. § 105(d).

The standard is accordingly not "for cause shown" or even "for good cause shown" but, rather, the seemingly much lower threshold of "deems appropriate." Consideration of the adequacy of a disclosure statement, at the time of confirmation, has become a norm (albeit one defined by myriad exceptions) in many Chapter 11 cases of late. And it certainly seems "appropriate" to follow that route *sub judice*.

Section 105 speaks to matters being handled "expeditiously and economically." Allowing deferred consideration of the Disclosure Statement will achieve precisely those ends in this case. And it is accordingly respectfully urged such relief be afforded.

**IV.    Conclusion**

WHEREFORE, WCP respectfully prays this Honorable Court (i) direct WCP to send the Disclosure Statement, the Plan, a copy of the order granting this motion, and, where applicable, a ballot, to all parties on the mailing matrix of this case alongside the United States Securities and Exchange Commission, not later than the second business day after entry of an order granting this

motion; (ii) direct Avant to promptly file a certificate memorializing such service; (iii) direct any objections to the Plan or Disclosure Statement be filed not later than August 16, 2024; (iv) direct a summary of ballots be filed not later than August 19, 2024; (v) schedule a hearing on consideration of the Disclosure Statement, and confirmation of the Plan, for August 21, 2024 at 11:00 am prevailing eastern time; and (vi) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 27, 2024

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig