**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re: ) ) ) 2116 4th STREET LLC, ) ) Debtor. ) ) | Case No. 23-00298-ELG<br><br>(Chapter 11) |

**FIRST AND FINAL APPLICATION OF HIRSCHLER FLEISCHER
AS BANKRUPTCY COUNSEL TO THE DEBTOR FOR FINAL ALLOWANCE AND
AUTHORIZATION OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Hirschler Fleischer ("**HF**"), bankruptcy counsel to 2116 4th Street LLC, the chapter 11 debtor in possession (the "**Debtor**"), respectfully submits this first and final application (the "**Application**") for allowance and authorization of payment of compensation and reimbursement of expenses on a final basis pursuant to sections 328 and 330 of the United States Bankruptcy Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Application covers the period from October 17, 2023, through October 29, 2024.  HF seeks final allowance and authorization of payment for legal fees in the amount of $26,804.00 and reimbursement of expenses in the amount of $66.00, for a total award of $26,870.00.  In support of this Application, HF respectfully states as follows:

---

Kristen E. Burgers (D.C. Bar No. 500674)
Stephen E. Leach (D.C. Bar No. 925735)
HIRSCHLER FLEISCHER P.C.
1676 International Drive, Suite 1350
Tysons, Virginia  22102
Telephone:     (703) 584-8900
fax:                 (703) 584-8901
Email:           sleach@hirschlerlaw.com
                      kburgers@hirschlerlaw.com

*Counsel to the Debtor*

**Jurisdiction**

1.  The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this case and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The predicates for the relief sought herein are sections 328, 330, and 503(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

**Background**

3.  On October 17, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating this chapter 11 case (the "**Chapter 11 Case**").  The Debtor continues to manage its property and financial affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee of creditors has been appointed in this Chapter 11 Case.

**A.    Events Preceding the Bankruptcy Case**

1.  The Debtor was formed on June 14, 2021 for the purpose of owning, developing, and managing a former row house located at 2116 4th Street NE, Washington, DC 20002 which was converted into a condominium building with three residential units and four parking units (the "**4th Street Property**").

2.  315 West REAR St LLC ("**315 West REAR**") is affiliated with the Debtor.  315 West REAR owns real property located behind and across the alley from the 4th Street Property (the "**W Street Property**").  315 West REAR also filed a voluntary chapter 11 bankruptcy petition before this Court on October 17, 2023 (Case No. 23-00299).

3.	To finance the redevelopment of the 4th Street Property, on September 30, 2021, the Debtor obtained a loan in the original principal amount of $1,621,395 (the "**4th Street Loan**") from WCP Fund I, LLC ("**Lender**"), an affiliate of Washington Capital Partners. The 4th Street Loan accrued interest at 8.5% per annum, and it was secured by a lien on all the Debtor's assets, including but not limited to the 4th Street Property. The 4th Street Loan was cross-collateralized with the W Street Property. The 4th Street Loan matured on September 30, 2022 and was subject to two three-month extensions.

4.	To refinance the W Street Property, on September 30, 2021, the Debtor and 315 West REAR obtained a loan in the original principal amount of $225,000 (the "**W Street Loan**" and, together with the 4th Street Loan, the "**Loans**") from the Lender. The W Street Loan was cross-collateralized with the 4th Street Loan. The W Street Loan accrued interest at 15% per annum, and it was secured by a lien on all the Debtor's and 315 West REAR's assets, including but not limited to the 4th Street Property and the W Street Property. The W Street Loan matured on September 30, 2022 and was subject to two three-month extensions.

5.	When the Loans matured in March 2023, the Debtor was unable to refinance the Loans because the redevelopment of the 4th Street Property not yet complete. Once redevelopment was substantially complete on or about June 2023, the Debtor's prepetition efforts to refinance the Loans were unsuccessful due to the cross-collateralization of the Loans and rising interest rates, among other things.

6.	In September 2023, the Lender commenced foreclosure actions. It added late fees and default interest to both Loans, which increased the balance due on the Loans by a significant amount. The foreclosure sales were scheduled to occur at 2:00 p.m. on October 17, 2023. The Debtor had no choice but to file for bankruptcy to stop the foreclosure sales.

**B.     The Bankruptcy Case**

7.     After the Petition Date, the Debtor renewed its efforts to refinance the Loans. The Debtor's efforts were frustrated by rising interest rates, reluctance by banks to lend in the current economic climate, and the high payoff balances on the Loans due to the continued accrual of interest at the default rate of 24% per annum.

8.     In February, 2024, the Debtor obtained lending commitments from Black Label Capital for a loan in the amount of $2,115,050 (the "**Refinancing**"), which would be secured by a first priority deed of trust on the 4th Street Property and the W Street Property.

9.     To effectuate the Refinancing, the Debtor and 315 West REAR, on the one hand, and the Lender, on the other hand, reached a settlement agreement (the "**Settlement**") that resolved the Lender's claims against the Debtor and 315 West REAR. Among other things, the Settlement provided for the compromise of the Lender's claims to an aggregate amount of $2,100,000, plus $1,228.86 per day (which is the per diem default rate of interest on both Loans) for each day commencing on February 16, 2024 through the day of closing on the Refinancing.

10.    Orders approving the Settlement and authorizing the Refinancing were entered by the Court on March 1, 2023 [Docket Nos. 42 and 43, respectively].

11.    The Refinancing was set to close on March 8, 2024. Unfortunately, the Refinancing ran into unanticipated issues in the underwriting process because of the proposed lender for the Refinancing required a new appraisal for the 4th Street Property. The Refinancing ultimately did not close.

12.    Thereafter, the Debtor engaged with several other lenders in an effort to source new refinancing. Those efforts ran into similar issues with valuation of the 4th Street Property. Even though the Debtor was the sole owner of the 4th Street Property, the fact that it had been

converted to condominiums created issues as to whether the 4th Street Property was a single commercial property or three residential properties (one for each condominium unit). All the while, interest continued to accrue at the default rate.

13.     On April 16, 2024, the Lender filed its Disclosure Statement and Chapter 11 Plan of Reorganization [Docket No. 53], which was amended by the Lender's Amended Disclosure Statement filed on June 27, 2024 [Docket No. 65]. The Plan proposes an auction sale of the 4th Street Property to satisfy claims against the bankruptcy estate.

14.     On October 15, 2024, the Court entered an order approving the Lender's Amended Disclosure Statement and the Lender's Chapter 11 Plan of Reorganization (the "**Plan**") [Docket No. 91]. Pursuant to the terms of the Plan, the Effective Date of the Plan is October 29, 2024.

## HF's First and Final Application

15.     The Court entered an order approving the employment of HF as counsel to the Debtor on December 11, 2023 [Docket No. 28], effective as of the Petition Date (the "**HF Employment Order**").

16.     This is HF's first and final application for allowance of compensation and reimbursement of expenses, covering the period from October 17, 2023, through October 29, 2024 (the "**Application Period**"). HF seeks final allowance and authorization of payment for legal fees in the amount of $26,804.00 and reimbursement of expenses in the amount of $66.00, for a total award of $26,870.00. A copy of HF's detailed time records is attached hereto and incorporated herein as Exhibit A. An itemized list of the necessary expenses incurred in this Bankruptcy Case is attached hereto and incorporated herein as Exhibit B.

17.     All services and expenses reflected on Exhibits A and B to this Application were performed or incurred on behalf of the Debtor, as a debtor in possession under chapter 11 of the Bankruptcy Code, during the Application Period and not for or on behalf of any other person or entity. These services and expenses relate only to legal matters affecting the administration of the estate.

18.     HF has no agreement or understanding with any third party with respect to sharing of the compensation sought in this case.

19.     HF is currently holding a pre-petition retainer in the amount of $6,614.00 as security for payment of its allowed legal fees and costs.

### Summary of HF's Services

20.     The following is a summary, by category, of the legal services provided by HF to the Debtor during the Application Period. A more complete description of the actual tasks performed by HF attorneys is included in HF's time records attached hereto as <u>Exhibit A</u>.

**A.     General Case Administration (Matter No. 00003)**

1.      <u>Services Rendered</u>.  The Debtor required assistance of counsel for the general administration of the Bankruptcy Case.  In particular, counsel communicated with the Office of the U.S. Trustee (the "**UST**") and provided the UST with all requested information. HF also provided guidance to the Debtor in preparing and filing its monthly operating reports and in meeting its other reporting obligations as a debtor-in-possession. Finally, counsel advised the Debtor in communications with its insurance carrier regarding continuation of coverage and related issues.

2.      <u>Summary of Fees</u>.  The following HF attorney provided legal services to the Debtor in connection with the general administration of this Bankruptcy Case.

- 6 -

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 5.8 | $515.00 | $2,987.00 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 11.2 | $550.00 | $6,160.00 |
| **TOTAL** | **17.0** | | **$9,147.00** |

**B.     Schedules of Assets and Liabilities (Matter No. 00004)**

1.     Services Rendered.  HF counsel worked with the Debtor to prepare its schedules, Statement of Financial Affairs, creditor matrix, lists and related disclosures, as well as an Amended Schedule G.  Counsel also prepared and filed the notices of amendment to affected creditors and the notice of contingent, disputed, and unliquidated claims.

2.     Summary of Fees.  The following HF attorney provided legal services to the Debtor in connection with the schedule of assets and liabilities in this Bankruptcy Case.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 3.8 | $515.00 | $1,957.00 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 1.4 | $550.00 | $770.00 |
| **TOTAL** | **5.2** | | **$2,727.00** |

**C.     Financing and Cash Collateral (Matter No. 00005)**

1.     Services Rendered.  HF counsel worked with the Debtor to review the terms of the Refinancing and to obtain Court approval for the Refinancing, in tandem with the approval of

the Settlement. When the Refinancing could not be consummated, counsel worked with the Debtor on alternative sources of funding and debt structure.

    2.    <u>Summary of Fees</u>. The following HF attorney provided legal services to the Debtor in connection with financing and cash collateral in this Bankruptcy Case.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 0.1 | $515.00 | $51.50 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 5.4 | $550.00 | $2,970.00 |
| **TOTAL** | **5.5** | | **$3,021.50** |

**D.**    **Asset Sales and Disposition (Matter No. 00006)**

    1.    <u>Services Rendered</u>. HF counsel advised the Debtor with respect to the 4th Street Property, its condominium structure, and potential options for sale or refinancing.

    2.    <u>Summary of Fees</u>. The following HF attorney provided legal services to the Debtor in connection with asset sales and disposition in this Bankruptcy Case.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 2.8 | $550.00 | $1,540.00 |
| **TOTAL** | **2.8** | | **$1,540.00** |

**E.**    **Creditor Meetings and Inquiries (Matter No. 00008)**

    3.    <u>Services Rendered</u>. HF counsel prepared the Debtor for its initial meeting of creditors. HF worked with the Debtor to gather and organize documentation required by the

UST and requested by creditors. HF responded to creditor inquiries about the status of the Bankruptcy Case and related matters.

4.  Summary of Fees. The following HF attorney provided legal services to the Debtor in connection with creditor meetings and inquiries in this Bankruptcy Case.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 1.0 | $515.00 | $515.00 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 0.2 | $550.00 | $110.00 |
| **TOTAL** | **1.2** | | **$625.00** |

F.  **Employment and Compensation Applications (Matter No. 00009)**

1.  Services Rendered. At the Debtor's direction, HF prepared and filed an Application to Employ Hirschler Fleischer as Bankruptcy Counsel on November 11, 2023 [Docket No. 20], and the Court entered the HF Employment Order on December 11, 2023. Counsel also spent time preparing this Application. The Debtor did not retain other professionals in the Bankruptcy Case.

2.  Summary of Fees. The following HF attorneys provided legal services to the Debtor in connection with financing and cash collateral in this Bankruptcy Case.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 1.90 | $515.00 | $978.50 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 2.20 | $550.00 | $1,210.00 |

- 9 -

| TOTAL | 4.10 | | $2,188.50 |
|---|---|---|---|

**G.     Claims Analysis and Objections (Matter No. 00012)**

1.     <u>Services Rendered</u>.  HF reviewed and analyzed the claims asserted by the Lender and advised the Debtor accordingly.

2.     <u>Summary of Fees</u>.  The following HF attorneys provided legal services to the Debtor in connection with claims analysis and objections in this Bankruptcy Case.

| **Timekeeper** | **Number of Hours** | **Hourly Rate** | **Total** |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 1.00 | $515.00 | $515.00 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 4.90 | $550.00 | $2,695.00 |
| **TOTAL** | **5.90** | | **$3,210.00** |

**H.     Adversary Proceedings and Contested Matters (Matter No. 00010)**

1.     <u>Services Rendered</u>.  HF counsel provided advice and guidance to the Debtor with respect to the Lender's motion to appoint a chapter 11 trustee or convert the case to a case under chapter 7.  Counsel prepared an objection to the motion and worked with the Debtor to address the issues raised in the motion.

2.     <u>Summary of Fees</u>.  The following HF attorney provided legal services to the Debtor in connection with Adversary Proceedings and Contested Matters.

3.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 2.20 | $550.00 | $1,210.00 |
| **TOTAL** | **2.20** | | **$1,210.00** |

**I.     Plan and Disclosure Statement (Matter No. 00014)**

4.     <u>Services Rendered</u>.  HF counsel provided advice and guidance to the Debtor with respect to the Lender's Plan.  Counsel prepared an objection to the Plan and reached a consensual agreement with Lender's counsel to address the issues raised in the objection. Counsel has further advised the Debtor on the auction sale process proposed in the Plan and potential options with respect to same.

5. <u>Summary of Fees</u>.  The following HF attorney provided legal services to the Debtor in connection with the Plan and Disclosure Statement.

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 5.70 | $550.00 | $3,135.00 |
| **TOTAL** | **5.70** | | **$3,135.00** |

**Fees**

The following is a summary of the time charges across all matters by individual attorney or paralegal for which HF seeks compensation in connection with this Application:

- 11 -

| Timekeeper | Number of Hours | Hourly Rate | Total |
|---|---|---|---|
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2023 Rate)* | 13.6 | $515.00 | $7,004.00 |
| Kristen E. Burgers (Principal) (First bar admission: 2004) *(2024 Rate)* | 36.0 | $550.00 | $19,800.00 |
| **TOTAL** | **49.6** | | **$26,804.00** |

**Reasonableness of the Compensation Sought**

21. The Debtor believes that HF performed its services efficiently, that the services were necessary to the estate, and that HF's rates are comparable to the rates charged by other attorneys in the Washington, D.C. metropolitan area for comparable services. HF's blended hourly rate is approximately $540.00.

22. The fees sought in this case represent reasonable compensation for actual, necessary legal services rendered on behalf of the Debtor for services provided during the Application Period, based upon section 330(a)(3) of the Bankruptcy Code and the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (cited favorably in *In re Auto-Train Corp.*, 15 B.R. 160, 161 (Bankr. D.C., 1981)). Those factors include the time and labor expended, the novelty and difficulty of the questions raised, the skill required to perform properly the legal services rendered, the attorneys' opportunity costs in pursuing the matter, the customary fee for like work, the attorneys' expectations at the outset of the matter, the time limitations imposed by the client or circumstances, the amount in controversy and the results obtained, the experience, reputation and ability of the attorneys, the desirability or undesirability of the case within the legal community in which the case arose, the

nature and length of the professional relationship between attorney and client and attorneys' fee awards in similar cases.

  A. <u>Time and labor expended</u>.  HF attorneys spent 49.6 hours during the time period covered by this Application.  A summary of the number of hours worked by each individual attorney is set forth above and in the detailed time records attached hereto as <u>Exhibit A</u>.  In this case, HF has charged the same standard billable rates for each attorney that it charges for such attorney in other bankruptcy and non-bankruptcy cases on which he or she works.  HF bases its billable rates upon the experience of the attorney.  The rates charged compare favorably to rates charged by other large law firms in the Washington, D.C. metropolitan area.

  B. <u>Novelty and difficulty of the questions raised</u>.  As further set forth above, HF rendered a wide variety of services on many different issues during the time period covered by the Application.  The issues in this case required HF to analyze, advise, and represent the Debtor in matters of some complexity and sophistication, due in large part to the condominium structure of the 4th Street Property and the legal and valuation issues created from that structure and the cross-collateralization with the W Street Property.

  C. <u>Skill required to perform properly the legal services rendered.</u>  During the Application Period, HF professionals rendered services on behalf of the Debtor.  The complexity of the legal and factual disputes involved in this Bankruptcy Case required the skill of experienced bankruptcy counsel.

  D. <u>Attorneys' opportunity costs in pursuing the matter</u>.  The Debtor demanded and received immediate attention to the legal issues arising in this case during Application Period.  At times, the work required adequately to represent the Debtor affected HF's opportunity to

represent clients in other matters. In particular, HF worked on very tight deadlines to file the Bankruptcy Case and to file motions to approve the Refinancing and the Settlement.

      E.      <u>Customary fee for like work</u>. HF believes that the standard rates it charges for services performed by its professionals compare favorably to the rates charged by comparable law firms in the Washington, D.C. metropolitan area for comparable services in business reorganization cases.

      F.      <u>Attorneys' expectations at the outset of the matter</u>. When HF agreed to represent the Debtor, HF understood that the estate did not have sufficient operating funds to pay HF's fees on an on-going basis. HF expected that fees and expenses in excess of the retainer would be paid through the release of the Debtor's assets as the pending litigation was resolved.

      G.      <u>Time limitations imposed by the client or circumstances</u>. At times, this case imposed significant time limitations upon HF.

      H.      <u>The amount in controversy and the results obtained</u>. The amounts involved in this case were not necessarily large, but they were significant to the Debtor and the creditors in this Bankruptcy Case.

      I.      <u>Experience, reputation and ability of the attorneys</u>. The professionals who rendered services to the Debtor are highly qualified in the fields in which they practice and routinely command the fees they charge in other cases.

      J.      <u>Desirability or undesirability of the case within the legal community in which the case arose</u>. This is a challenging case, but is not necessarily one that would be viewed as undesirable in the local legal community.

K. <u>Nature and length of professional relationship between attorney and client</u>. HF commenced its representation of the Debtor shortly before the Petition Date. HF routinely represents debtors in chapter 11 matters.

L. <u>Attorneys' fee awards in similar cases</u>. HF believes that bankruptcy counsel in the Washington, D.C. metropolitan area have been allowed fees comparable to those it requests in this Application based upon the time and effort expended on behalf of the Debtor and the quality of representation provided to the Debtor.

## Expenses

23. As set forth on <u>Exhibit B</u>, HF incurred $66.00 in reasonable, necessary expenses in providing professional services to the Debtor during the Application Period. By this Application, HF seeks reimbursement of $66.00 for such expenses.

## Authority

24. Pursuant to section 330 of the Bankruptcy Code, the Court may award HF reasonable compensation for actual and necessary services performed in this case. For the reasons stated above, the Debtor believes that the services performed by HF were necessary to the administration of this case, were performed at a cost and efficiency commensurate with the complexity, importance and nature of the issues involved, and were undertaken by professionals whose rates are reasonable based upon the customary compensation charged by comparably skilled professionals in matters other than cases under this title. The Debtor's representative has reviewed HF's request for fees and expenses.

*REMAINDER OF PAGE INTENTIONALLY BLANK*

WHEREFORE, HF requests that this Court enter an order (i) allowing the requested compensation in this Application for legal services to HF in amount of $26,804.00 and reimbursement of expenses in the amount of $66.00 for the period from October 17, 2023 through October 29, 2024, on a final basis; (ii) authorizing HF to apply the pre-petition retainer in the amount of $6,614.00 to its allowed fees and expenses; and (iii) authorizing the Debtor to pay such sums as an allowed administrative expense of this proceeding pursuant to section 330 of the Bankruptcy Code; and (iv) granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: November 14, 2024 | Respectfully submitted, |
| | */s/ Kristen E. Burgers*<br>Stephen E. Leach (DC Bar No. 925735)<br>Kristen E. Burgers (DC Bar No. 500674)<br>HIRSCHLER FLEISCHER, PC<br>1676 International Drive, Suite 1350<br>Tysons, Virginia 22102<br>Phone: (703) 584-8900<br>Facsimile: (703) 584-8901<br>Email: sleach@hirschlerlaw.com<br>     kburgers@hirschlerlaw.com |
| | *Counsel to the Debtor* |

17800779.1 048852.00001